UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-128-RLV
(5:05-cr-9-RLV-DCK-16)

| KENYA LASHAN MARTIN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241. (Doc. No. 1). For the reasons that follow, the Court denies and dismisses the petition.

I. BACKGROUND

On March 1, 2006, Petitioner Kenya Lashan Martin pled guilty to conspiracy to possess with intent to distribute more than fifty grams of crack cocaine, more than five kilograms of cocaine, and more than 1000 kilograms of marijuana, in violation of 21 U.S.C. § 846, and to three counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). (Criminal Case No. 5:05cr9, Doc. No. 487: Acceptance and Entry of Guilty Plea). This Court subsequently sentenced Petitioner to 235 months of imprisonment. On July 30, 2007, the Fourth Circuit affirmed Petitioner's conviction and sentence. See United States v. Martin, 235 Fed. App'x 87 (4th Cir. 2007). On November 21, 2008, Petitioner filed a motion to vacate her conviction and sentence, pursuant to 28 U.S.C. § 2255, and the Court denied the motion to vacate on January 22, 2009. See (Civil Case No. 5:08cv140, Doc. Nos. 1087; 1117). On

1

February 5, 2009, this Court reduced Petitioner's sentence to 188 months of imprisonment pursuant to Amendment 706 to the Sentencing Guidelines. (Id., Doc. No. 1137: Order Reducing Sentence). On June 24, 2009, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal of the denial of the motion to vacate. See United States v. Martin, 327 Fed. App'x 403 (4th Cir. 2009). On December 19, 2012, the Court further reduced Petitioner's sentence to 151 months of imprisonment, after a reduction of her total offense level based on application of a two-level enhancement for Petitioner's possession of a dangerous weapon and a three-level reduction for acceptance of responsibility. **(Criminal Case No. 5:05cr9, Doc. No. : ).**

On or around September 5, 2013, Petitioner placed the instant § 2241 petition in the prison mail system for filing, and the petition was stamp-filed in this Court on September 9, 2013. In the petition, Petitioner seeks to have the Court reduce her sentence in light of Alleyne v. United States, 133 S. Ct. 2151 (2013). Specifically, Petitioner states that, pursuant to Alleyne, her Sixth Amendment right was violated when this Court enhanced her sentence based on possession of a firearm, when this charge was not found by a jury. Petitioner states that she also seeks a further reduction in her sentence for post-sentencing Rehabilitation Programming.[1]

**II.    DISCUSSION**

**A. Petitioner's Claim for Relief under Alleyne**

A petition for a writ of habeas corpus under § 2241 must attack the manner in which a sentence is executed. All petitions challenging a federal conviction or sentence are properly construed as motions pursuant to § 2255. However, a federal prisoner seeking to challenge a federal conviction or sentence may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §

---

[1] Petitioner states that she seeks a reduction in her sentence pursuant to 18 U.S.C. § 3742(e).

2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)).

Under the so-called "savings clause" of § 2255, a remedy under § 2255 is only inadequate and ineffective when (1) at the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); see also 8 U.S.C. § 2255(e).

Here, Petitioner has not shown that § 2255 is inadequate and ineffective under the savings clause because Alleyne did not represent a change in substantive law such that the conduct of which Petitioner was convicted is deemed not to be criminal. Moreover, every court to have addressed the issue has held that Alleyne is not retroactive on collateral review. Accord Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); United States v. Potter, No. 7:03-21-DCR, No. 7:13-7290-DCR, 2013 WL 3967960, at *3 (E.D. Ky. July 31, 2013) (concluding that "the rule announced in Alleyne does not qualify as a watershed rule of criminal procedure" and noting that "[a] number of other district courts considering the matter have reached a similar conclusion").

. In Alleyne, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a

3

reasonable doubt by submission to the jury. The Court resolved <u>Alleyne</u> on direct, rather than collateral review, and it did not declare that its new rule applied retroactively on collateral attack. Indeed, <u>Alleyne</u> is an extension of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). The Supreme Court has decided that other rules based on <u>Apprendi</u> do not apply retroactively on collateral review, and the Supreme Court has not held that <u>Alleyne</u> is retroactive on collateral review. <u>See</u> <u>Schriro v. Summerlin</u>, 542 U.S. 348 (2004). Therefore, Petitioner is not entitled to relief under <u>Alleyne</u>.

**B. Petitioner's Motion for Reduction in Sentence Based on Post-Sentencing Rehabilitation Efforts**

Petitioner also seeks a reduction in her sentence based on her rehabilitation programming in prison. As noted, Petitioner has not shown that the savings clause of § 2255 entitles her to bring a § 2241 petition. In any event, a § 2241 petition is not the proper vehicle for obtaining a reduction in sentence based on post-sentencing rehabilitation efforts. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." <u>United States v. Mendoza</u>, 118 F.3d 707, 709 (10th Cir. 1997) (citation omitted). To have jurisdiction to re-sentence Petitioner under 28 U.S.C. § 2241, Petitioner must allege a constitutional deprivation. 28 U.S.C. § 2241(c)(3). Because Petitioner has not alleged a constitutional deprivation, this Court does not have jurisdiction to modify her previously imposed sentence based on her post-sentence rehabilitation efforts.

**III. CONCLUSION**

For the reasons stated herein, Petitioner's § 2241 petition is denied and dismissed.[2]

---

[2] Petitioner has not signed the § 2241 petition under penalty of perjury, and her petition is also subject to dismissal on that basis. <u>See</u> 28 U.S.C. § 2254, Rule 2(c), applicable to § 2241

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Petition for Writ of Habeas Corpus under § 2241, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: November 12, 2013

Richard L. Voorhees
United States District Judge

---

petitions through Rule 1(b). Because Petitioner is not entitled to relief in any event, requiring Petitioner to re-submit the petition signed under penalty of perjury would be futile.